# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KEION GLADNEY,<br><br>Plaintiff,<br><br>vs.<br><br>MAJOR P. WILSON and BRIAN D. GARDNER,<br><br>Defendants. | No. C18-0123-LTS<br><br>**MEMORANDUM, OPINION and ORDER** |

## I. INTRODUCTION

This case is before me on a motion (Doc. No. 22) brought by defendants Major P. Wilson and Brian D. Gardner (Defendants) to dismiss, for failure to prosecute the pro se 42 U.S.C. § 1983 petition filed by plaintiff Keion Gladney. Doc. No. 22. Gladney has filed a resistance (Doc. No. 23). Oral argument is not necessary. *See* LR 7(c).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Gladney filed his petition (Doc. No. 6) on April 9, 2018, claiming excessive force based on an alleged tasering while Gladney was having a seizure and in transport to a hospital. Doc. No. 6 at 3. Defendants filed their answer (Doc. No. 8) on June 18, 2018. Trial was originally set to begin on September 9, 2019, but was rescheduled to September 23, 2019. Doc. No. 17. On September 5, 2019, Defendants filed a notice (Doc. No. 18) stating that Gladney was failing to prosecute his case, citing his failure to comply with pretrial requirements. On the same date, I filed an order (Doc. No. 19) putting Gladney on notice that his case was at risk of being dismissed.

A final pretrial conference was held on September 10, 2019, with Defendants' counsel and Gladney in attendance. Doc. No. 20. During that conference, Gladney

stated that he had not been responding because he had moved to a new address approximately three or four months before the conference and had not been receiving any documents about this case. Gladney did, however, receive my order from September 5, 2019, which was how he knew to call in for the pretrial conference. Additionally, my scheduling order (Doc. No. 9) requiring Gladney to provide certain information—with which he failed to comply—was filed on June 19, 2018, before Gladney moved. The same is true for the amended trial management order (Doc. No. 15) filed November 27, 2018, describing various requirements for preparing the final pretrial order, with which Gladney also failed to comply. In my conversation with him, Gladney claimed that he had not been receiving case documents even prior to his move.

In accordance with discussion during that conference, I continued the trial and gave Defendants the opportunity file a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). *Id.* at 2. Defendants filed their motion (Doc. No. 22) on September 27, 2019. Gladney filed his resistance (Doc. No. 23) on October 15, 2019.

### III. APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize an involuntary dismissal of a plaintiff's case with prejudice under certain circumstances:

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Because a Rule 41(b) dismissal often operates as an adjudication on the merits of a case, such a dismissal "is a drastic sanction which should be exercised sparingly." *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). The Eighth Circuit has admonished Rule 41(b) dismissal unless "lesser sanctions prove futile." *DiMercurio v. Malcom*, 716 F.3d 1138,

1140 (8th Cir. 2013) (quoting *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000)). Within this window of discretion, a district court may only exercise such dismissal power "if there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown*, 806 F.2d at 803-04 (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)).

A plaintiff's right to be heard in court must be balanced against "the needs of the court in advancing a crowded docket," with greater weight placed on the degree of the plaintiff's egregious conduct than any adverse impact on the defendant or the court. *Id.* at 804 (quoting *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir. 1976)). The degree of egregious conduct may be determined by looking at "the plaintiff's state of mind and the attendant circumstances." *DiMercurio*, 716 F.3d at 1140 (citing *Smith v. Gold Dust Casino*, 526 F.3d 402, 405-06 (8th Cir. 2008)). While a "plaintiff need not have acted in bad faith," cases should not be dismissed with prejudice unless a plaintiff "acted intentionally as opposed to accidentally or involuntarily." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (quoting *Hunt*, 203 F.3d at 527).

### IV. ANALYSIS

Defendants argue that Gladney displayed a deliberate lack of diligence in failing, without good cause, to comply with my orders, request an extension or generally make himself available to work with Defendants' counsel. Doc. No. 22-1 at 4-5. Defendants argue that even after admittedly receiving my order dated September 5, 2019 (Doc. No. 19), Gladney still failed to contact or cooperate with Defendants, and thus continues to fail to diligently prosecute his case. *Id.* at 5. Gladney argues that his pro se status and lack of understanding for rules regarding civil proceedings are good cause for his failure to comply with said rules. Doc. No. 23 at 1. Gladney also claims that he has attempted to "reach out" to Defendants without response, and that Defendants' lack of responsiveness prevented him from arranging availability. *Id.*

3

With regard to Gladney's argument that his pro se status provides good cause for his lack of compliance with procedure, the Eighth Circuit has said, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834-35 (1975)). Indeed, the amended trial management order (Doc. No. 15) warned that "[a] party who elects to represent himself/herself is held to the same deadlines and procedures as an attorney." Doc. No. 15 at 1. That order was filed on November 27, 2018, well before Gladney's address change in May 2019, so Gladney was on notice that he would be held to the same deadlines as Defendants.

Gladney's other argument, that Defendants were also unavailable, is not persuasive. Even if it is true, failing to contact Defendants is only one example of Gladney's lack of diligence. Taking Gladney at his word that he had not been receiving case documents for approximately three to four months before the final pretrial conference on September 10, 2019,[1] Gladney has no excuse for not complying with documents sent prior to his alleged move.[2] The scheduling order for this case (Doc. No. 9) was filed on June 19, 2018. That order directed that if no dispositive motions were filed, each party was required to file a narrative written statement, a list of proposed exhibits and a list of proposed witnesses within five months of the date of the order. Doc. No. 9 at 1-2. Gladney failed to meet that deadline, which expired on November 19, 2018. Indeed, he has failed to file *any* of the required documents during the two years since the scheduling order was issued.

---

[1] There is an incongruity in Gladney's claim that he was not receiving mail due to his change of address because he acknowledged his receipt of my order of September 5, 2019 (Doc. No. 19)—which would have been sent to his previous address—during his appearance at the final pretrial conference on September 10, 2019. *See* Doc. No. 21 at 1.

[2] In fact, there was only one filing (Doc. No. 17) between December 14, 2018, and September 5, 2019.

In addition, Gladney would have received the amended trial management order (Doc. No. 15), which was filed November 27, 2018. That order described various requirements for preparing the final pretrial order, which Gladney also failed to follow. Among other failures, Gladney failed to provide Defendants with his witness list, exhibit list or his proposed jury instructions at least 21 days before the final pretrial conference. Doc. No. 15 at 18. A review of that order and the progression of this case shows that Gladney failed to comply with numerous requirements, assuming he intends to present any evidence to prove his case. *Id.* Gladney also failed to comply with court rules by not updating his mailing address, as "[p]ro se parties are responsible for informing the court promptly of any changes in their address . . . ." LR 3(c). Gladney cannot use his new address as an excuse for delay after failing to update that information.

Before being put on notice on September 5, 2019, that his case may be dismissed, Gladney already had "a clear record of delay." *See Brown*, 806 F.2d at 803 (citations omitted). After being put on notice, Gladney neglected to take any action to comply with my orders concerning trial preparation, aside from appearing for the final pretrial conference on September 10, 2019. In my September 5, 2019 order, I specifically told Gladney to immediately contact Defendants' counsel, after which I expressly warned, "[i]f plaintiff fails to do so, and/or fails to participate in the final pretrial conference, this case will be dismissed." Doc. No. 19 at 1. As of the date Defendants filed their motion to dismiss, Defendants state that Gladney had still neglected to contact them. Doc. No. 22 at 5.

Eighth Circuit precedent supports the dismissal of this case with prejudice. In *Smith*, cited above, the Eighth Circuit noted the importance of issuing an express warning of dismissal, especially with pro se plaintiffs. 526 F.3d at 405. However, the court has declined to hold that such warnings are required in advance of a Rule 41(b) dismissal. *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1221 (8th Cir. 1998); *see also Smith*, 526 F.3d at 405. In *Hunt*, the Eighth Circuit upheld dismissal even when the

district court did not issue a warning concerning the plaintiff's failure to prosecute.[3] *See Hunt*, 203 F.3d at 527. The court further held that dismissal with prejudice was warranted when the plaintiff "engaged in at least six distinct violations of the court's orders or of the Federal Rules." 203 F.3d at 527-28. The court noted that "[t]he question might be a closer one if [the plaintiff] had failed to follow only one or two of the court's specific instructions." *Id*. Here, Gladney was expressly warned that he was at risk of dismissal and the number of his violations seems to exceed those in *Hunt*. The *Hunt* plaintiff at least submitted a witness list—however inaccurate—and took some action regarding his case. *Id*. Gladney has persistently failed to file any of the pretrial documents required by court orders. Nor has he requested extensions or provided any viable excuses.

Gladney partially complied with my September 5, 2019, order (Doc. No. 19) and participated in the final pretrial conference, but his continued and ongoing failure to comply with prior court orders, to contact opposing counsel or to cooperate in preparing proposed pretrial order – even after an express warning – shows intentional noncompliance and constitutes egregious behavior. Imposing a lesser sanction, such as excluding witnesses or exhibits Gladney might try to offer after the deadline, would make it practically impossible for him to prove his case at trial and would waste judicial resources. *See* Fed. R. Civ. P. 16(f) (authorizing exclusion of evidence when a party fails to comply with a pretrial order by reference to Rule 37(b)(2)(B)). Aside from filing a resistance to Defendant's motion to dismiss, Gladney has failed to take any noticeable action to suggest that lesser sanctions may be effective. Because Gladney has persistently failed to prosecute his case and to comply with this court's rules and orders, his 42 U.S.C. § 1983 action must be dismissed with prejudice.

---

[3] The district court in *Hunt* did threaten to dismiss the case with prejudice unless the plaintiff submitted to a mental examination, but did not issue a warning in reference to the plaintiff's failure to prosecute. *Hunt*, 203 F.3d at 527.

## V.  CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is **granted**. This case is dismissed **with prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**DATED** this 10th day of September, 2020.

_____
Leonard T. Strand, Chief Judge